IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DEMETRA HENDERSON-BURKHALTER, GREGORY OFFRAY, AND JACQUELINE THOMPSON, *Plaintiffs,* | CIVIL ACTION NO: 2:18-cv-00928 |
| VERSUS | JUDGE: CARL BARBIER |
| NATIONAL UNION FIRE INSURANCE COMPANY, WALMART TRANSPORTATION, LLC, AND LEE MULLIGAN, *Defendants.* | MAGISTRATE: MICHAEL B. NORTH |

******************************************************************************

## MOTION TO STRIKE ADDITIONS TO THE TENTH DEFENSE AND THE ENTIRE THIRTEENTH DEFENSE FROM R. DOC. 89

Now into Court, through undersigned counsel, come Plaintiffs, Demetra Henderson-Burkhalter ("Ms. Henderson-Burkhalter"), Gregory Offray ("Mr. Offray"), and Jacqueline Thompson ("Ms. Thompson") (hereinafter referred to as "Crash Victims"), who hereby move this Honorable Court to STRIKE the vague and ambiguous Tenth and Thirteenth Defenses filed by the Defendants in their Supplemental and Amended Answer.

A court may "strike from a pleading... a redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Although motions to strike are generally disfavored, a Rule 12(f) motion to dismiss a defense is proper when the defense is insufficient as a matter of law." *Kaiser v. Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, INC.*, 677 F.2d 1045, 1057 (5th Cir. 1982). A motion to strike is appropriate when "the allegations are prejudicial to the defendant or immaterial to the lawsuit." *Alton Ochsner Medical Foundation et al. v. Servicemaster Home Health Care Services, Inc.*, 2002 WL 553499, at *1 (E.D. La. 2002); *Johnson v. Harvey*, No. 96–

3438, 1998 WL 596745, at *7 (E.D. La. Sept. 8, 1998); *Veazie v. Southern Greyhound Lines, Division of Greyhound Lines, Inc.*, 374 F.Supp. 811, 815 (E.D. La. 1974). When pleading fraud, the court imposes a heightened pleading standard, where a "party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b).

In their Supplemental and Amending Answer, Defendants allege that Ms. Henderson-Burkhalter intentionally caused the trucking crash, and that the crash fits a pattern of alleged intentionally caused or allegedly staged incidents. R. Doc. 89. However, Defendants fail to establish a factual link between Ms. Henderson-Burkhalter and anyone involved in the allegedly staged incidents. Defendants' allegation that Ms. Henderson-Burkhalter's conduct constituted fraud lacks the requisite factual particulars. Additionally, Defendants assert as an affirmative defense that Ms. Henderson-Burkhalter "interfere[d] with interstate commerce on interstate highways." R. Doc. 89. Nevertheless, Defendants' "interstate commerce" affirmative defense is impermissible and irrelevant, since even if it were true it would not affect liability. As pleaded, it is also insufficient because Defendants do not offer factual support for this allegation of criminal conduct.

The immaterial connections listed without any factual support and the inclusion of an allegation of criminal conduct disguised as an affirmative defense (that at best does not satisfy the pleading and at worst does not even facially qualify as an affirmative defense) are not legally sufficient and, as such, Rule 12(f) justifies the striking of these matters from the pleadings. These allegations are prejudicial to the Crash Victims and cause reputational harm to all of them. Additionally, the allegations are irrelevant to this suit, since there are no facts even linking Ms. Henderson-Burkhalter, Mr. Offray, or Ms. Thompson to the other incidents aside from the

conclusory allegation that the subject collision fits the pattern of other incidents.  For all of these reasons, the additions to the Tenth Defense and the entire Thirteenth Defense should be STRICKEN from the Supplemental and Amended Answer to Complaint [R. Doc. 89].

SIGNATURE BLOCK ON FOLLOWING PAGE

Respectfully Submitted,

PANDIT LAW FIRM, LLC

BY:    */s/ Jason M. Baer*
**JASON M. BAER (# 31609)**
**CASEY C. DEREUS (# 37096)**
**JOSHUA A. STEIN (# 37885)**
*and*
**PHILLIP N. SANOV(TX Bar. #17635950)**
     **Admitted *Pro Hac Vice***
701 Poydras Street, Suite 3950
New Orleans, LA 70139
Telephone: (504) 313-3800
Facsimile: (504) 313-3820
Email: jbaer@panditlaw.com
*Counsel for Plaintiffs*

and

**MOTTA LAW FIRM, LLC**
**VANESSA MOTTA (#36915)**
855 Baronne St. 2nd Floor
New Orleans, LA 70113
Telephone: (504) 500-7246
Facsimile: (504) 513-3122
Email: vanessa@mottalaw.com
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that copy of the above and foregoing pleading has been served upon counsel for all parties via CM/ECF Filer System, on this 15th day of January, 2019

     */s/ Jason M. Baer*
     JASON M. BAER

4