UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DEMETRA HENDERSON-BURKHALTER, ET AL. | CIVIL ACTION |
| VERSUS | NUMBER: 18-0928 |
| NATIONAL UNION FIRE INSURANCE COMPANY, ET AL. | SECTION: "J"(5) |

## **ORDER AND REASONS**

Before the Court is a motion styled "Motion to Quash Subpoena Duces Tecum for Production of Cell Phone Records," ostensibly filed on behalf of non-party, Cornelius Garrison, by attorney, Vanessa Motta. (Rec. doc. 95). This is the same Vanessa Motta who on January 9, 2019 appeared before this Court to unsuccessfully argue an identical motion filed by her on behalf her clients and the actual Plaintiffs in *this* case, Demetra Henderson-Burkhalter, Gregory Offray, and Jacqueline Thompson (who counsel insist on referring to throughout their briefing by the colorful sobriquet, "Crash Victims," but who the Court will simply refer to as "Plaintiffs"). (Rec doc. 74).

The present motion has not yet been opposed and it need not be, as it is frivolous and can be dispensed with summarily.

As noted, the motion papers filed first on behalf of Plaintiffs and then on behalf Cornelius Garrison ("Garrison") are virtually identical and ask for the same relief, albeit on behalf of different persons. This second motion is no doubt precipitated by this Court's ruling denying the first motion on the basis that Plaintiffs lacked standing to challenge the subject subpoena for non-party Garrison's records from non-party, Sprint PCS Wireless. (Rec. doc. 93).

Counsel apparently believes the remedy for this defect is to refile the same motion, claiming it is being filed on behalf of Garrison and ignoring entirely the previous round of motion practice and this Court's ruling. Alas, counsel is quite seriously mistaken.

As a threshold matter, it is not unimportant that the subpoena to Sprint PCS that counsel[1] seeks to quash bore no fruit as having been mistakenly sent to the wrong provider (transcript at p. 5), yet it is the only subpoena identified by counsel and attached to her previous motion. (Rec. docs. 95, p. 1; 74-4). The only outstanding subpoena is one served upon T-Mobile with a future return date, but the Court has yet to see a copy because even in taking a second bite at this apple, counsel for Plaintiffs has not filed the subpoena in the record.

Aside from this procedural defect and moving to the "substance" of the argument, counsel fares no better. Counsel's first argument out of the box is that, in serving the subject subpoena, Defendants seek "… nothing more than to delay the trial set for *January 7, 2019*." (Rec. doc. 95-1 at p. 1)(emphasis added). This argument, it should be noted, is set forth on the first page of a motion filed eight days after January 7, 2019. That is because the trial date was recently continued to September 9, 2019, a fact expressly pointed out to counsel by this Court on the record at the *January 9, 2019* hearing on the previous motion. (Rec. docs. 81,

---

[1] The Court will focus on the activities of counsel here because it is altogether unclear from day-to-day and page-to-page on whose behalf she is acting. The first motion was filed on behalf of the Plaintiffs, yet at the hearing on that motion Ms. Motta insisted it was filed on behalf of Garrison. (Transcript at p. 5). Here, she states she is filing on behalf of Garrison but in multiple places she states, "Plaintiff moves this Honorable Court to quash the subpoena. . . ," "Plaintiff prays that this Honorable Court issue an order quashing the Subpoena Duces Tecum. . .," and "[f]or the foregoing reasons, Plaintiff respectfully requests that this Court grant Plaintiff's *Motion to Quash Subpoena Duces Tecum.*" (Rec. docs. 95, p. 2; 95-2, p. 9). She also strangely refers to Garrison throughout the briefing as "NON-MOVING PARTY." (Rec. doc. 95-1, pp. 1, 4, 5, 7, 8, 9). Actually, if he is the movant he is a "MOVING NON-PARTY." This confusing verbiage is attributable no doubt to the cut-and-paste approach employed in "writing" this brief. Adding to this confusion is the befuddling "Request for Oral Argument" on the present motion, which is said to be filed on behalf of "Non-party Motta Law, LLC, through its sole member and undersigned counsel, Vanessa Motta, Esq." (Rec doc. 96). It is all too much for the Court to unwind so it will stick to addressing the conduct and activities of counsel, Ms. Motta.

99, transcript at p. 4). The Court cannot understand how this argument still made it into counsel's brief, but it merits no further attention in any event.

Next come citations to a handful of cases in which various judges in this district quashed subpoenas for phone records primarily on relevance grounds. This Court has already stated repeatedly that the requested records in *this* case are relevant, given the established and undisputed fact (based on the phone records of Plaintiffs themselves) that Garrison – a former client of Ms. Motta's in a similar motor vehicle accident and a relative of Plaintiff, Henderson-Burkhalter – was in cell-phone contact with Henderson-Burkhalter "… in the days leading up to the subject incident, the date thereof, and in the early morning hours the day after the incident…" (Rec. doc. 83 at p. 2).

Counsel argues that:

> It should not matter if Mr. Garrison calls his attorney, his mother, father, brother or the President of the United States. His records and whom he calls and when is not a matter of discovery in a case to which *he did not witness the accident and cannot offer any facts or evidence concerning the accident.*
>
> (Rec. doc. 95-1, pp. 3-4)
> (emphasis added).

This argument misses the point entirely. Evidence of these calls is relevant both to Defendants' defenses and their counter-claim alleging that the subject accident was "staged." The inquiry at the heart of Defendants' discovery efforts is the question whether Garrison *can*, in fact, "offer any facts or evidence concerning the accident," considering his communications with Henderson-Burkhalter immediately before and after that accident.

Finally, counsel argues at some length about the violation of Garrison's Fourth Amendment rights, citing the recent decision of the United States Supreme Court in *U.S. v.*

3

*Carpenter*[2] as support for her argument that the Defendants' subpoena seeks to "trample" Garrison's Fourth Amendment rights. Suffice it to say the Court is wholly unconvinced by this argument or the citation to *Carpenter* to support it.

The *Carpenter* case concerned the Government's Fourth Amendment search of a criminal target's historic cell-site location information in a criminal investigation. The facts of the case, the statutes involved in the Supreme Court's analysis, and the rationale behind the Court's decision have *nothing* whatsoever to do with the issues before this Court and citation to the case by counsel is frivolous. The Fourth Amendment proscribes only governmental action. *United States v. Paige*, 136 F.3d 1012, 1017 (5th Cir. 1998).

The present motion – regardless of who brought it – is denied, and counsel is cautioned against the filing of any similar frivolous motions. In the present motion, counsel laments that "[t]his 'war' of cell phone records requests could go on endlessly but needlessly." (Rec. doc. 95-1 at p. 5). Let there be no doubt – that "war" is at an end.

New Orleans, Louisiana, this 18th day of January, 2019.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[2] __ U.S., __, 138 S.Ct. 2206 (2018).