UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DEMETRA HENDERSON-BURKHALTER** | * | **CIVIL ACTION NO. 2:18-cv-00928** |
| **GREGORY OFFRAY AND** | * | |
| **JACQUELINE THOMPSON** | * | |
| *Plaintiff* | * | **JUDGE CARL BARBIER** |
| | * | |
| **VERSUS** | * | **MAGISTRATE JUDGE NORTH** |
| **NATIONAL UNION FIRE INSURANCE** | * | |
| **COMPANY, WALMART** | * | **JURY TRIAL** |
| **TRANSPORTATION, LLC AND** | * | |
| **LEE MULLIGAN** | * | |
| *Defendants* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE OFFICER LEON PALOADE'S OPINION TESTIMONY AND INVESTIGATIVE REPORT OPINIONS OF FAULT AT THE TRIAL OF THIS MATTER**

**NOW INTO COURT**, comes Plaintiff, Demetra Henderson-Burkhalter, et al, who hereby Supplements her initial Memorandum in Opposition to Defendant's Motion in *Limine* to Exclude Officer Leon Paloade's Opinion Testimony and Investigative Report Opinions of Fault at the Trial of this Matter to point out the very recent decision in the Fifth Circuit Court of Appeal which dealt directly with the issue at hand.

Since the filing of Plaintiff's Opposition to Defendant's Motion in *Limine*, our Fifth Circuit Court of Appeal has decided the issue of investigating officers being used to give expert testimony. In *Puga v. RCX Solutions, Incorporated*, 922 F. 3d 285 (U.S. 5th Cir. 4/17/19), our Fifth Circuit, in an opinion written by Chief Judge, Carl Stewart, for the first time, discussed when it believed an investigating officer could testify and give expert opinions.

In *Puga,* the Plaintiff called Trooper Andrew Smith as an <u>expert witness</u>.  Smith was a first responder to the accident and saw the explosion from the accident from afar.  <u>Defendant sought to</u>

<u>exclude Officer Smith's testimony as an expert regarding his opinions on the cause and fault in the accident</u>. Defendant stated that Officer Smith's opinion was irrelevant because he testified that he 1) could not find any defects in the road, 2) could not find any skid marks on the road, 3) did not determine how fast Brown was driving and 4) did not know the weight of the trailer or its contents.

The Fifth Circuit Court of Appeal found the arguments unpersuasive. *Id* at 295. The Fifth Circuit held that <u>the district court ***did not*** abuse its discretion</u> in allowing Officer Smith to give <u>expert opinion</u> on <u>the cause of the accident</u>. The Fifth Circuit admitted that "[N]o Fifth Circuit case applies Rule 702 and *Daubert* to an accident investigator. Id. At 294. The Fifth Circuit found that a majority of its district courts have admitted accident investigating officers to give expert testimony. The Fifth Circuit looked to see if the investigating officer based his opinion on a sufficient amount of physical evidence from the accident. *Id* at 295. In its rationale, the Fifth Circuit reasoned as follows:

> "[F]or example, in *Stevens*, the district court allowed an officer to testify based on 'the position of Defendants' trailer after the accident, the tire marks visible at the scene, and his conversation at the scene with…the driver of Plaintiffs tractor-trailer. <u>citing</u> *Stevens*, 2016 WL 9244669, at *4. Another court allowed an expert to testify based on 'his accident report, some photographs and his notes.' *Vigil* 2007 WL 2778233. Yet another court allowed an investigating officer to testify as an expert because, even though he 'did not take any measurements or photographs, or speak to any witnesses to the accident, he did not personally survey the accident scene, talk to the other officers on the scene, and subsequently reviewed photographs of the scene.' The only case to exclude an expert involved markedly different facts. In that case, the officer could not determine which lane the driver was in, expressed doubts about his qualifications, and could not say with any certainty whether the defendant cause the accident. <u>citing</u> *Koenig*, 2018 WL 358307, at *5. " *Id* at 295

In *Puga*, the Fifth Circuit held that Officer Smith considered numerous facts and did not state he was speculating about the cause of the accident. Based on the officer's experience and training the investigating officer was allowed to testify as an expert and give opinion testimony. *Id.* At 295. The Fifth Circuit held that if he missed any important facts, the oversight should go to

the weight of his opinion, not its admissibility. *Id* at 295, 296. Thus, the Fifth Circuit affirmed the district courts decision to allow Officer Smith to testify as an expert witness on causation.

Similarly, in the present case, there is no question that Officer Leon Paloade has the pre-requisite education and experience as a trained New Orleans Police Officer to investigate and opine as the facts and circumstances surrounding this accident. Officer Paloade interviewed the witnesses, physically observed the damage and made an unbiased opinion based on his education and experience as a trained officer. Most important, is that Officer Paloade is an unbiased expert who made observations and spoke with the witnesses at the scene of the accident. As a result of his investigation, Officer Paloade cited the Defendant Lee Mulligan. Subsequently, Lee Mulligan pled guilty and paid the citation.

The findings of Officer Paloade were further bolstered as credible by the fact that Defendant Wal Mart's own internal investigation found this was a "Preventable Accident". Consequently, if there are any facts that Defendant believes that Officer Paloade missed then they can use that in cross examination.

Consequently, in light of the recent Fifth Circuit holding in *Puga*, Office Paloade must be allowed to testify as to fault. Anything concerning the circumstances that Defendant believes Officer Paloade may have missed or did not perform as part of his accident investigation could be discussed on cross-examination and should go to the weight of his testimony.

Respectfully submitted,
MOTTA LAW, LLC

/s/ **Vanessa Motta**
Vanessa Motta (#36915)
3632 Canal Street
New Orleans, Louisiana 70119
504-500-7246 (telephone)
504-513-3122 (facsimile)
COUNSEL FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

      I hereby certify that the following pleading has been delivered to all counsel of record, either through the CM/ECF system, or by depositing a copy of same in the United States mail, first class postage prepaid at their last known address of record, or by hand delivery, or by e-mail or by facsimile transmission on July  17th , 2019.

                                            */s/ Vanessa Motta*